EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail:    Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>$2,757,564.00 IN U.S. CURRENCY AND TWO ITEMS OF JEWELRY,<br><br>        Defendants.<br><br>JAVIER MARQUEZ, ROMELIA MARQUEZ, ABEL MARQUEZ, AND CYNTHIA VENCEBI,<br><br>        Claimants. | Case No. CV 14-02320 FMO(AJWx)<br><br>PROTECTIVE ORDER<br><br>[Discovery Matter] |

    The Court's having considered the stipulation of the parties with respect to the disclosure of information in

discovery in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

1. The government may produce to the claimants discovery in this matter that includes personal identification for others, including but not limited to names, addresses, telephone numbers, e-mail addresses, social security numbers, driver's license numbers, telephone numbers, dates of birth, bank account numbers and other similar information, as well as financial information, including bank records that contain personal identifying information, including home addresses, Social Security numbers, bank account numbers and other data (collectively, "profile information").

2. The government shall identify such information in discovery by using the following designation on the documents, on a diskette cover, or in an accompanying cover letter: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

3. Claimants and their counsel shall use documents that are so designated only for the purposes of this case and shall not disclose the documents to non-parties, except as needed for the defense of the case, and only if the non-party agrees, in writing, to be bound by the terms of a protective order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties.

4. Within 90 days of the conclusion of this action (including any appeals), claimants shall either (1) return all designated documents to the government, as well as all copies and all notes, memoranda, or other documents containing confidential information obtained from the designated documents,

or (2) destroy the documents and certify in writing to counsel for the government that the documents have been destroyed.

5. Absent a further order of the Court, designated documents shall not be filed with or submitted to the Court, or reproduced in any court filing, unless the documents are placed under seal or all prior information or other personal identifying information has been removed.

6. Prior to trial, no party shall disclose designated documents in open court without prior consideration by the Court.

IT IS SO ORDERED.

Dated: _08/17/2016_____

_____
THE HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

Submitted By:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United states Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


/s/ Victor A. Rodgers           _
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA