LAW OFFICE OF ERIC HONIG
ERIC HONIG (SBN: 140765)
P.O. Box 10327
Marina Del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

ASTOURIAN & ASSOCIATES, INC.
PARO ASTOURIAN, ESQ. (SBN: 225488)
35 East Union Street, Suite D
Pasadena, CA 91103
Tel: (626) 795-7922
Fax: (626) 795-6884
paro@astourianlaw.com

Attorneys for Claimants
Javier Marquez, Romelia Marquez,
Abel Marquez, and Cynthia Vencebi

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>    v.<br><br>$2,757,564.00 IN U.S. CURRENCY AND TWO ITEMS OF JEWELRY,<br><br>    Defendants.<br><br>JAVIER MARQUEZ, ROMELIA MARQUEZ, ABEL MARQUEZ and CYNTHIA VENCEBI,<br><br>    Claimants. | Case No. CV 14-2320-FMO (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>[Discovery Matter] |

The Court, having considered the stipulation of the parties with respect to the two subpoenas to produce documents, information, or objects or to permit inspection on premises in civil action, issued on or about November 23, 2016 by the United States of America and directed to Wells Fargo Bank, N.A. and MoneyGram Payment Systems Inc. (collectively referred to as the "Subpoenas") in this matter and good cause appearing therefor, the Court hereby ORDERS as follows:

1. Documents produced by Wells Fargo Bank, N.A. and/or MoneyGram Payment Systems Inc. pursuant to the Subpoenas may include: the personal and private information of the claimants Javier Marquez, Romelia Marquez, Abel Marquez and Cynthia Vencebi (collectively, "Claimants") and/or third parties including, but not limited to, personal financial information, names, address, telephone numbers, e-mail addresses, social security numbers, driver's license numbers, dates of birth, bank records, bank account numbers, tax return information, and similar types of information (collectively, "profile information").

2. Any and all documents produced by Wells Fargo Bank, N.A. and/or MoneyGram Payment Systems Inc. pursuant to the Subpoenas shall be designated as confidential only for the purposes of this case, and not to disclose the documents to non-parties except as needed for the prosecution of the case, and only if the non-party agrees, in writing, to be bound by the terms of a protective order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties. If, however, Wells Fargo produces any documents pursuant to the Subpoena that were previously produced by Wells Fargo and/or are already in the possession of the government, then the government, from and after the date of production, shall not share those specific produced documents with third parties without first providing sufficient notice to Claimants, through their counsel Paro Astourian, and the opportunity to have the Court rule on any objections Claimants may have.

3. Within 90 days of the conclusion of this action (including any appeals), the U.S. shall destroy the documents produced by Wells Fargo Bank, N.A. and/or MoneyGram Payment Systems Inc. pursuant to the Subpoenas and certify in writing to counsel for the Claimants that the documents have been destroyed.

4. Absent a further order of the Court, documents produced by Wells Fargo Bank, N.A.

and/or MoneyGram Payment Systems Inc. pursuant to the Subpoenas shall not be filed with or submitted to the Court, or reproduced in any court filings, unless the documents are placed under seal or all profile information or other has been removed.

     5.    Prior to trial, no party shall disclose documents produced by Wells Fargo Bank, N.A. and/or MoneyGram Payment Systems Inc. pursuant to the Subpoenas in open court without prior consideration by the Court.

IT IS SO ORDERED.

Dated: December 15, 2016

_____
THE HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE